## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES ADAM HIRSH,

            Plaintiff,

v.

SUNFLOWER WELLNESS RETREAT LLC,
and PATHWAYS HOLDINGS LLC,

            Defendants.

Case No.: 6:21-cv-001291

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Sunflower Wellness Retreat LLC ("Defendant") hereby removes to this Court the above-captioned state court civil action pending in the Eighteenth Judicial District Court in Sedgwick County, Kansas to the United States District Court for the District of Kansas at Wichita, Kansas.

### I.    STATEMENT OF GROUNDS FOR REMOVAL

1.    On November 15, 2021, James Adam Hirsh ("Plaintiff") filed a Petition against Defendant in the District Court of Sedgwick County, Kansas, bearing case number 2021-CV-001884 ("State Court Action").

2.    On November 22, 2021, Plaintiff filed an Amended Petition in the State Court Action seeking equitable relief, $69,000, "and unspecified damages as to be determined by the jury." *See* Pl.'s Amend. Pet., Lines 492-505.

4868-7557-1206.1

3.      Plaintiff served his Petition on Defendant on November 23, 2021 seeking $66,000 in damages "and unspecified damages as to be determined by the jury for the intentional infliction of emotional distress."  *See* Pl.'s Pet., Lines 482-490.

4.      By filing this Notice of Removal, Defendant does not waive any defense or counterclaim that may be available.

5.      The U.S. Supreme Court stated that a defendant needs only plausibly allege the requirement for federal jurisdiction to remove.  A defendant only needs to file in the federal forum a notice of removal "'containing a short and plain statement of the grounds for removal", no evidentiary submissions are needed.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

6.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because Defendant has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

## II.      REQUIREMENTS UNDER 28 U.S.C. §§ 1441 AND 1446

7.      **Timeliness:**  A notice of removal may be filed within thirty (30) days after the defendant receives a copy of the initial pleading, motion or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3).  Sunflower received notice that this case was removable when it was served on November 23, 2021.  The time for removal expires on December 23, 2021.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

8.      **Removal to Proper Court:**  The District Court of Sedgwick County, Kansas is located in the jurisdiction of the United States District Court for the District of Kansas. 28 U.S.C. § 96.  This Court is part of the district and division in which the action was filed – Sedgwick County, Kansas.  Therefore, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

9.      **Procedural Requirements:** Section 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings, and orders" served on it in the state court action.  A copy of all process and pleadings delivered to Defendant, as required by 28 U.S.C. § 1446(a), including Plaintiff's Petition, Plaintiff's Amended Petition, and Summons are being filed contemporaneously as State Court Records.[1]  As required by 28 U.S.C. § 1446(d), Defendant will file an appropriate notice in the State Court Action and will serve on all parties a true and correct copy of this Notice of Removal.  Additionally, a proof of service of the above papers will be filed with this Court.

10.     No previous application has been made for the relief requested herein.

### III.     DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C §§ 1332 AND 1441

11.     The case is subject to removal under 28 U.S.C. § 1332.

12.     As set forth below, this is a civil action between citizens of different states with an amount-in-controversy greater than the sum of $75.000.00.

---

[1] Upon information and belief, Defendant Pathways Holdings, LLC has not been served.

### A.  Diversity of Citizenship

13.    Defendant knows, and Plaintiff's Amended Petition states, that Plaintiff is over the age of 18 years old and resides in Sedgwick County, Kansas.

14.    Defendant is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").  Defendant's members are as follows:

   a.  Stonebridge Capital Group, LLC ("Stonebridge"): Stonebridge is a limited liability company with only one member, Daniel Bruckstein.  Bruckstein is a citizen and resident of New Jersey.

   b.  Feinco LLC: Feinco is a limited liability company with only one member, Nathan Feiner.  Feiner is a citizen and resident of New York.

15.    Therefore, Defendant is a citizen of a different state from Plaintiff, thus satisfying the requirement for complete diversity between parties properly served and joined.  *See* 28 U.S.C. § 1441(b)(2).

### B.  The Amount-in-Controversy Requirement is Satisfied

16.    Amount in controversy is determined by the allegations in the petition.  *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).  The aggregate amount-in-controversy, exclusive of interests and costs, exceeds the $75,000.00 minimum required under 28 U.S.C. § 1332(a).

4868-7557-1206.1

17.     In Plaintiff's Amended Petition, he identifies five (5) separate "unconscionable" and "deceptive acts."  *See id.*, Lines 86-103.  The Kansas Consumer Protection Act ("KCPA") provides:

> The commission of any act or practice declared to be a violation of this act shall render the violator liable to the aggrieved consumer . . . for the payment of a civil penalty . . . in a sum set by the court of not more than $10,000 for each violation . . . .

K.S.A. 50-636(a).  The five (5) separate unconscionable and deceptive acts could entitle Plaintiff to $50,000 on his consumer protection claims alone.  Plaintiff then pleads an unsupported $10,000 "enhancement as the Plaintiff is a disabled person."  Pl.'s Amend. Pet., Lines 497-501.  For assault, Plaintiff requests $3,000; for battery, $3,000, and for intentional infliction of emotional distress, $3,000.  *See id.*, Lines 501-503.  Taken in the aggregate, on the face of Plaintiff's Amended Petition, Plaintiff seeks $69,000 "and unspecified damages as to be determined by the jury."  *Id.*

18.     Both the KCPA and intentional torts under Kansas law which – under some circumstances – provide exemplary damages.  *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 757 P.2d 304 (Kan. 1988) (involving jury award of $15,000 in punitive damages on top of $2,000 civil penalty in KCPA litigation).  On the face of the Amended Petition, Plaintiff clearly seeks damages in excess of $75,000 between the $69,000 sought and the "unspecified damages as to be determined by the jury."  Pl.'s Amend. Pet., Lines 497-501.

19.     Plaintiff's Amended Petition also lists under "REMEDIES" a prayer for a "remedy at law or **in equity**" and "declaratory judgment that an act or practices violates this act" under K.S.A. 50-634.  *See id.*, Lines 492-495 (emphasis ours).  The KCPA provides for declaratory and injunctive relief.  *See* K.S.A. 50-634(a).  Plaintiff appears to seek both.

20.     Equitable remedies, including declaratory judgment, require the Court to examine the value of the underlying litigation to determine the amount in controversy.  *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).  Here, the value of the underlying litigation includes what Defendant stands to lose from its viewpoint.  *See id.*  Plaintiff appears to seek an injunction prohibiting Defendant from advertising that its facilities are LGBT friendly and that they provide a safe space for clients.  Pl.s' Amend. Pet., Lines 89-98.  *Arguendo*, if Defendant's advertising and messaging are determined by the Court to be unconscionable, its business could be harmed by loss of hundreds of thousands of dollars in revenue notwithstanding collateral monetary damages.  Defendant would be required to alter websites, tangible advertisements, television advertisements, and adjust its business model.  Defendant would suffer the loss of wasted business development expenses and lose future business prospects in an amount far in excess of $75,000.  In sum, and for argument, the pecuniary result of an adverse judgment against Defendant could greatly exceed $75,000.

21.     Therefore, this Court has jurisdiction over this matter under 28 U.S.C. § 1332 because minimal diversity of citizenship exists between Plaintiff and Defendant, and the amount-in-controversy exceeds $75,000.00, exclusive of interests and costs.

WHEREFORE, Defendant Sunflower Wellness Retreat LLC respectfully requests removal of this action from the District Court of Sedgwick County, Kansas, bearing Case number 2021-CV-001884, to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

/s/ Nanette Turner Kalcik
Nanette Turner Kalcik, KS #24030
Colby M. Everett, KS #28279
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone:  (316) 609-7900
Facsimile:   (316) 462-5746
nanette.kalcik@lewisbrisbois.com
colby.everett@lewisbrisbois.com

*Attorneys for Defendant*
*Sunflower Wellness Retreat LLC*

## CERTIFICATE OF SERVICE

I certify that on December 14, 2021, the above Notice of Removal was filed using the Court's CM/ECF system and a copy was mailed to Plaintiff as follows:

James Adam Hirsh
410 W. 53rd Street S.
Wichita, KS 67217

/s/ Nanette Turner Kalcik
Nanette Turner Kalcik